# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEAVE McCLOUD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LT. C. WADDLE, et al.,<br><br>　　　　Defendants. | Case No.  1:11-cv-01678-DAD-BAM-PC<br><br>FINDINGS AND RECOMMENDATION THAT THIS ACTION BE DISMISSED FOR PLAINTIFF'S FAILURE TO OBEY A COURT ORDER<br><br>OBJECTIONS DUE IN FOURTEEN DAYS |

　　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.

　　　On November 19, 2015, Defendants filed a motion for summary judgment. (ECF No. 34.)  Plaintiff did not file an opposition, and on December 29, 2015, an order was entered, directing Plaintiff to file an opposition to the motion for summary judgment within 21 days. (ECF No. 37.)  Plaintiff has not filed an opposition to the motion for summary judgment, or any other response to the December 29, 2015, order.

　　　Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their

1

1  dockets and "[i]n the exercise of that power they may impose sanctions including, where
2  appropriate, . . . dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A
3  court may dismiss an action, with prejudice, based on a party's failure to prosecute an action,
4  failure to obey a court order, or failure to comply with local rules.  See, e.g., Ghazali v. Moran,
5  46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v.
6  Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order
7  requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130-33 (9th
8  Cir. 1987) (dismissal for failure to comply with court order).

9  　　　In determining whether to dismiss an action, the Court must consider several factors: (1)
10 the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its
11 docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of
12 cases on their merits; and (5) the availability of less drastic sanctions.  Henderson v. Duncan, 779
13 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).

14 　　　The Court finds that the public's interest in expeditiously resolving this litigation and the
15 Court's interest in managing the docket weigh in favor of dismissal.  This action has been
16 pending since October 5, 2011.  Plaintiff was granted an opportunity to file his opposition to the
17 motion for summary judgment, and has not complied with the Court's December 29, 2015, order.
18 The Court cannot hold this case in abeyance awaiting such compliance by Plaintiff.  The third
19 factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of
20 injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v.
21 Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor—public policy favoring
22 disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal
23 discussed herein.  Finally, the court's warning to a party that the failure to obey the court's order
24 will result in dismissal with prejudice satisfies the "considerations of the alternatives"
25 requirement.  Ferdik, 963 F.2d at 1262; Malone, 833 at 132-133; Henderson, 779 F.2d at 1424.
26 The Court's December 29, 2015, order directing Plaintiff file an opposition to the motion for
27 summary judgment expressly stated, "Plaintiff is warned that failure to comply with this order
28 will result in dismissal of this action, with prejudice, for failure to prosecute."  (ECF No. 37, p.

1.) Thus, Plaintiff had adequate warning that dismissal with prejudice could result from his noncompliance with the Court's order.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed, with prejudice, based on Plaintiff's failure to comply with the Court's December 29, 2015, order directing him to file an opposition to Defendants' motion for summary judgment.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **February 1, 2016**                    /s/ Barbara A. McAuliffe            
                                                                    UNITED STATES MAGISTRATE JUDGE