# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEAVE McCLOUD,<br><br>   Plaintiff,<br><br>  v.<br><br>LT. WADDLE,<br><br>   Defendant. | Case No. 1:11-cv-01678-DAD-BAM-PC<br><br>ORDER DIRECTING PLAINTIFF TO FILE AN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR THE APPOINTMENT OF COUNSEL<br><br>THIRTY DAY DEADLINE TO FILE OPPOSITION TO THE MOTION FOR SUMMARY JUDGEMENT |

  Plaintiff McCloud is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

  On November 19, 2015, Defendant filed a motion for summary judgment. Plaintiff failed to file opposition to the motion, and on December 29, 2015, an order to show cause was entered, directing Plaintiff to file an opposition. Plaintiff failed to do so, and on February 1, 2016, findings and recommendations were entered, recommending that this action be dismissed for Plaintiff's failure to obey a court order and to prosecute. On February 22, 2016, Plaintiff filed objections to the findings and recommendations.

The objection seeks to "quash" Defendant's motion for summary judgment. Plaintiff indicates that from November 23, 2015, to December 29, 2015, he was incapacitated at the Clinical Treatment Center undergoing mental health care. Plaintiff also states that his prayer for relief is that the Court grant Plaintiff funds to hire an attorney. Plaintiff has not previously sought the appointment of counsel.

**I.  Appointment of Counsel**

Regarding Plaintiff's request for funds to hire an attorney, there is no authority for the Court to authorize payment of funds to a pro se Plaintiff to retain a private attorney. Regarding the appointment of counsel, Plaintiff is advised that there is no constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require any attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 195(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). Plaintiff is proceeding on a claim of failure to protect and the legal issues present in this action are not complex. Plaintiff has thoroughly set forth his arguments in the complaint filed in this action. In forma pauperis status alone does not alone entitle Plaintiff to appointed counsel. That it may be difficult for Plaintiff to prosecute this action does not constitute exceptional circumstances.

While a pro se litigant may be setter served with the assistance of counsel, so long as a pro se litigant, such as Plaintiff in this instance, is able to "articulate his claims against the

2

relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist. Rand, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. §1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better – particularly in the realm of discovery and the securing of expert testimony.")

**II.    Opposition to Motion for Summary Judgment**

Plaintiff is advised that he must file an opposition to Defendant's motion for summary judgment. The Court notes that Plaintiff was served with the requirements for opposing a motion for summary judgment on November 19, 2015. (ECF No. 34.) Plaintiff was specifically advised of the requirements and consequences of a motion pursuant to Federal Rule of Civil Procedure 56. Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988); Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998)(en banc). (ECF No. 34, 5:14-27.) The Court will grant Plaintiff a thirty day extension of time to file opposition to Defendant's motion. Plaintiff is cautioned that should he fail to file an opposition to the motion within thirty days, the Court will recommend dismissal of this action for Plaintiff's failure to obey and failure to prosecute.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for funds to retain counsel and for the appointment of counsel is denied.
2. The February 1, 2016, findings and recommendations are vacated.
3. Plaintiff is granted an extension of time of thirty days from the date of service of this order in which to file an opposition to Defendant's motion for summary judgment.

IT IS SO ORDERED.

Dated:   **March 1, 2016**           /s/ Barbara A. McAuliffe          
                                         UNITED STATES MAGISTRATE JUDGE